CV-11 3705

**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 0 1 2011)   ★

LONG ISLAND OFFICE

FEUERSTEIN, J

WALL, M.J.

MARY MCFEELY,

        Plaintiff,

    -against-

BRACHFELD LAW GROUP, P.C.,

        Defendant.

VERIFIED COMPLAINT

NOW COMES Plaintiff, Mary McFeely ("Plaintiff"), by her attorneys, KROHN & MOSS,

LTD., and alleges the following against Brachfeld Law Group, P.C. (Defendant):

<u>Nature of the Action</u>

1.    This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices

Act, 15 U.S.C. 1692 et seq. (FDCPA).

<u>Parties</u>

2.    Plaintiff is a natural person residing in Long Beach, Nassau County, New York.

3.    Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to

Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

4.    Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought

to collect a consumer debt from Plaintiff.

5.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections

business with an office in El Segundo, California.

6.    Defendant acted through its agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

<u>Jurisdiction and Venue</u>

7.    Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8.    Defendant conducts business in the state of New York; therefore, personal jurisdiction is established.

9.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

<u>Factual Allegations</u>

10.    On or around June 22, 2011, Defendant began placing collection calls to Plaintiff seeking and demanding payment on an alleged debt.

11.    Defendant calls Plaintiff from 713-579-7000, 213-579-7000 and possibly other numbers also.

12.    Defendant placed calls to Plaintiff's mother on no less than seven occasions, seeking and demanding payment on an alleged debt.

13.    Defendant placed calls to Plaintiff's brother, telling him he was listed as Plaintiff's "contact person," which is false.

14.    Defendant leaves recorded messages on Plaintiff's phone, stating, "We have not received any cooperation from you or your legal counsel." The messages fail to disclose that the call is from a debt collector and/or that any information obtained would be used for that purpose.

15.    Upon speaking with Plaintiff, Defendant asked if her employer "had begun garnishing [her] paycheck of if human resources had contacted [her] about this happening or if [her bank had contacted [her] about having funds frozen." When Plaintiff replied in the negative, Defendant responded, "Oh good, hopefully we can work this out before that begins."

16.    Defendant has told Plaintiff she has 48 hours to settle the account before being sued.

17.    Plaintiff has spoken with Defendant and requested validation or proof of the debt, to

which Defendant responded only, "We'll show you proof... in court."

18. Plaintiff has made numerous requests to Defendant for validation of the debt in writing, to which Defendant has repeatedly responded only by making threats of imminent litigation against Plaintiff.

19. On June 24, 2011, Plaintiff received an e-mailed letter from Defendant, offering a settlement of the debt and closing with the statement, "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account." (See Exhibit "A" hereto).

<u>Claim for Relief</u>

20. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692c(b) of the FDCPA by communicating, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, to third parties in connection with the collection of any debt;

   b. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot be legally taken or is not intended to be taken;

   c. Defendant violated §1692e(10) of the FDCPA by making false or deceptive representations in connection with the collection of a debt; and

   d. Defendant violated 1692e(11) of the FDCPA by failing to disclose, in the initial and/or subsequent communications with the consumer that the communication is from a debt collector and that any information obtained would be used for that purpose.

3

WHEREFORE, Plaintiff, MARY MCFEELY, respectfully requests judgment be entered against Defendant, BRACHFELD LAW GROUP, P.C., for the following:

(1)     Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

(2)     Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

(3)     Ay other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:

Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison Street, 10th Floor
Chicago, IL 60602
(312) 578-9428
ahill@consumerlawcenter.com
Attorneys for Plaintiff

4

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF NEW YORK    )
                     )    SS:
COUNTY OF _____ )

Plaintiff, MARY MCFEELY, states the following:

1.       I am the Plaintiff in this civil proceeding.
2.       I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.       I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.       I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.       I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.       Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.       Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MARY MCFEELY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____7/15/11_____
Date

_____Mary McFeely_____
MARY MCFEELY

5



THE BRACHFELD LAW GROUP, PC

BRACHFELD LAW GROUP
880 Apollo Street
SUITE 155
El Segundo, CA 90245

RE: XXXX-XXXX-XXXX-7599
Originator: Capital One
Current Creditor: Resurgent
File #:10422917

June 24, 2011                                    Total Balance Due: $3,220 02

                                                 Amount Enclosed: _____

Dear Mary E. Mcfeely,

This letter shall serve to confirm that our client has agreed to settle the above referenced account for a total payment of $1,624.01. Your final payment must be received on or before June 28, 2011. If payment is not received by 5 P.M. on that date, this offer is withdrawn.

If you take advantage of the above settlement offer to avoid future collection activity on your account, upon receipt of the full settlement funds, honored by our bank, we will consider this account resolved. In the event this settlement offer is not accepted, our client reserves the right to offer a different settlement proposal at a later date.

As of the date of this letter, you owe the total amount due listed above. Because of interest, late charges, and other charges that may vary from day to day, the total amount due on the day you pay may be greater. Hence, if you do not accept this offer, and choose to pay at a later date, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write us or call our office toll free at 888-856-2120.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

| Send your payments to: | Send overnight delivery to: | Send Correspondence to: |
|---|---|---|
| Brachfeld Law Group | Brachfeld Law Group | Brachfeld Law Group |
| P.O. Box 421088 | 800 W. Sam Houston Parkway | 880 Apollo Street |
| Houston, TX 77242-1088 | South | Suite 155 |
|  | Suite 200 | El Segundo, CA 90245 |
|  | Houston, TX 77042 |  |

Derrick Samuel
Director of Operations
Toll Free: 866-834-6218 Ext.6010

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

